**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN F. SCOTTO, | No. 19-15869 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02838-DGC |
| v. | |
| GORILLA LADDER COMPANY, AKA Gorilla Ladders, a Minnesota Corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted June 12, 2020[**]
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and BURGESS,[***] District Judge.

In this diversity suit, Allen Scotto sought damages from Tricam Industries,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Timothy M. Burgess, United States Chief District Judge for the District of Alaska, sitting by designation.

Inc., Home Depot U.S.A., Inc., and Gorilla Ladder Co. (collectively, "Tricam") for personal injuries caused by an allegedly defective ladder. After Scotto timely disclosed an expert report, each side subsequently disclosed expert reports after the deadlines in the district court's scheduling orders. Scotto's rebuttal expert disclosure was also noncompliant with the case management order's requirements of one expert per side and complete expert reports. Tricam also filed an untimely motion for summary judgment. As a sanction for the parties' violations of multiple case management order requirements, the district court proposed striking Scotto's untimely disclosed rebuttal expert, limiting each side to one expert, and summarily denying Tricam's summary judgment motion. The court entered the proposed order after Scotto's counsel agreed that it was "fair," and "makes sense." Citing the order, the district court later denied Scotto's motion in limine to exclude Tricam's expert as untimely disclosed. A jury found for Tricam, and the district court denied Scotto's motion for a new trial. We have jurisdiction over Scotto's appeal under 28 U.S.C. § 1291 and affirm.

1.      The district court did not abuse its discretion in denying Scotto's motion in limine to preclude the testimony of Tricam's late-disclosed expert. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (stating standard of review). Although Tricam did not show good cause for the untimely disclosure of the expert report, the district court had the broad discretion to enter "any just orders,"

2

including sanctions less severe than exclusion of the testimony. Fed. R. Civ. P. 16(f)(1); *see Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (reviewing preclusion order). We assess "whether a sanction is proper under a five-factor test analyzing: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [other side]; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt*, 125 F.3d at 814 (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)). The "key factors are prejudice and availability of lesser sanctions." *Wanderer,* 910 F.2d at 656. The district court properly weighed these "key factors," essentially agreeing with the comments of Scotto's counsel and finding that the sanctions chosen were "proportional" and fairly "affected each side."

2.    For the same reasons, the district court also did not abuse its discretion in denying Scotto's motion for a new trial. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007) (stating standard of review). Scotto argued that the district court abused its discretion by not allowing the testimony of Scotto's second expert, whose report was not timely filed, but allowing Tricam's expert to testify despite a similarly late filing. The district court properly concluded that the parties' mutual sanctions, though different in kind, were "fair" and "balanced." Moreover, as the district court noted, Scotto "was allowed to present a retained ladder expert at trial, and the jury considered the opinions of that expert in reaching a defense verdict."

3

The exclusion of Scotto's rebuttal expert did not produce "a miscarriage of justice."

*Id.* (quoting *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)).

**AFFIRMED.**